**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| IN RE P3 HEALTH GROUP HOLDINGS, LLC | ) ) | Consol. C.A. No. 2021-0518-JTL |

**ORDER GRANTING IN PART AND DENYING IN PART THE OFFICER DEFENDANTS' MOTION TO DISMISS COUNTS IX AND X**

1.      Hudson Vegas Investment SPV, LLC ("Hudson") was a minority investor in P3 Health Group Holdings, LLC (the "Company"). In this litigation, Hudson has asserted various claims based on a transaction between the Company and a special purpose acquisition company, commonly known as a SPAC.

2.      The defendants filed a surfeit of motions to dismiss on various grounds, including Rule 12(b)(6). The court has issued a decision addressing the breach of contract claims that Hudson asserted. Dkt. 172 (the "Contract Opinion," cited as "Op."). This order incorporates that decision by reference.

3.      In Counts IX and X of its complaint, Hudson has asserted a claim for breach of fiduciary duty against Kazarian, Abdou, Bacchus, Glisson, and Puathasnanon, in their capacity as officers (the "Officer Defendants"), based on their conduct in connection with the de-SPAC merger. Counts IX and X do not address Kazarian's acceptance of the opportunity to invest in Foresight II, which is the subject of Count VII. *See* Dkt. 175.

4.      The LLC Agreement expressly preserves the fiduciary duties of the Company's officers. Ex. 1 § 5.6(d). The operative language states: "The Officers, in the performance of their duties as such, shall owe to the Company and the Members duties of

the type owed by the officers of a corporation to such corporation and its stockholders under the laws of the State of Delaware." *Id.*

5.      It is reasonably conceivable that the Officer Defendants breached their duty of loyalty and acted in bad faith by withholding information from Hudson, providing different sets of information to different members of the Board, and excluding the Hudson Managers from the governance process.

a.      The Delaware Supreme Court has held that corporate officers owe the same fiduciary duties as corporate directors. *See Gantler v. Stephens*, 965 A.2d 695, 708–09 (Del. 2009). Directors of a Delaware corporation owe two fiduciary duties—loyalty and care. *Stone ex rel. AmSouth Bancorporation v. Ritter*, 911 A.2d 362, 370 (Del. 2006). At a minimum, officers owe those duties. *Gantler*, 965 A.2d at 708–09.

b.      The duty of loyalty includes a requirement to act in good faith, which is "a subsidiary element, i.e., a condition, of the fundamental duty of loyalty." *Stone*, 911 A.2d at 370 (cleaned up). "A failure to act in good faith may be shown, for instance, where the fiduciary intentionally acts with a purpose other than that of advancing the best interests of the corporation." *In re Walt Disney Co. Deriv. Litig. (Disney II)*, 906 A.2d 27, 67 (Del. 2006) (cleaned up).

c.      Like directors, officers must "place the interests of the corporation and shareholders that they serve before their own." *TVI Corp. v. Gallagher*, 2013 WL 5809271, at *25 (Del. Ch. Oct. 28, 2013). And like directors, officers have a duty to act "loyally by trying to do their job for proper corporate purposes in good faith," rather than disloyally by in bad faith putting other interests, such as the self-interest of a superior, ahead of the

corporation's best interest. *Hampshire Gp., Ltd. v. Kuttner*, 2010 WL 2739995, at \*12 (Del. Ch. July 12, 2010).

d.     An officer's duty of loyalty, however, has additional dimensions beyond the directors' duty of loyalty because officers act as agents for the entity. *See Lebanon Cnty. Empls.' Ret. Fund v. AmerisourceBergen Corp.*, 2020 WL 132752, at \*21 (Del. Ch. Jan. 13, 2020) ("Officers also are fiduciaries in their capacities as agents who report to the board of directors."), *aff'd*, 243 A.3d 417 (Del. 2020). "Under a particularly well-developed body of fiduciary law, agents owe additional and more concrete duties to their principal." *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 843–44 (Del. Ch. 2022).

e.     "An agent owes the principal a duty to provide information to the principal that the agent knows or has reason to know the principal would wish to have." Restatement (Third) of Agency § 1.01 (Am. L. Inst. 2006), Westlaw, (database updated Oct. 2022). "That duty exists because a principal's decisions may also be affected by information about an agent and the agent's conduct once the agent has been retained by the principal." *Metro Storage*, 275 A.3d at 851 (cleaned up). Officers, as agents, "owe a duty to disclose relevant information if they have notice of facts which they should know may affect the decisions of their principals as to their conduct." *Triton Constr. Co., Inc. v. E. Shore Elec. Servs., Inc.*, 2009 WL 1387115, at \*14 (Del. Ch. May 18, 2009), *aff'd*, 2010 WL 376924 (Del. Jan. 14, 2010) (ORDER). An officer of a Delaware entity has "the responsibility to disclose to their superior officer or principal material information relevant to the affairs of the agency entrusted to them." *Hampshire Gp.*, 2010 WL 2739995, at \*13 (internal quotations omitted).

6.     Hudson alleges that the Officer Defendants engaged in a knowing, affirmative, and systematic campaign to sideline the Hudson Managers, exclude them from communications, deprive them of information, and prevent them from participating in the governance of the Company. As detailed in the Contract Opinion, the level of exclusion was extreme and supports an inference of intentional breach. Op. at 70. Hudson has stated a claim against the Officer Defendants for breach of fiduciary duty based on the exclusion of the Hudson Managers.

7.     Hudson also alleges that the Officer Defendants breached their fiduciary duty by "failing to engage in an adequate auction or sales process." AC ¶ 158. That responsibility rested with the Board. It is possible to imagine situations in which officers might have an obligation to undertake an adequate auction or sales process and fail to fulfill it, but Hudson has not articulated a cognizable factual account that could support a claim on which relief can be granted.

8.     Hudson similarly alleges that the Officer Defendants breached their fiduciary duty by "taking on expensive debt for P3 rather than permitting Hudson to fund a capital raise." *Id.* And Hudson alleges that the Officer Defendants breached their fiduciary duty by "using P3's resources to advance their own interests to the detriment of P3 and other members of the Board." *Id.* Both of those allegations sound bad, but I do not know what Hudson is talking about. Once again, Hudson has not articulated a cognizable factual account that could support claims on which relief can be granted.

9.      Counts IX and X state claims on which relief can be granted, but only to the extent acknowledged in this order. The motion to dismiss those counts is GRANTED IN PART and DENIED IN PART in accordance with the rulings herein.

*/s/ J. Travis Laster*
Vice Chancellor Laster
November 7, 2022
